**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**JANARLOW YATES**                                                   **PLAINTIFF**

**v.**                                  **CIVIL ACTION NO: <u>4:19cv054-MPM-JMV</u>**

**WESTERN EXPRESS, INC., MS FREIGHT CO., INC.,
C. H. ROBINSON COMPANY, INC., JOHN DOE
CORPORATION, and JOHN DOE**                        **DEFENDANTS**

**AMENDED COMPLAINT**
(Jury Trial Demanded)

COMES NOW, Plaintiff JaNarlow Yates, by counsel, and files this his *Amended Complaint* against Defendants Western Express, Inc., MS Freight Co., Inc., C. H. Robinson Company, Inc., John Doe Corporation, and John Doe (hereinafter "Defendant Express," "Defendant MSF," "Defendant CH Robinson," "Defendant JDC," "Defendant Doe," or collectively "Defendants"), and would allege the following:

<u>PARTIES</u>

1. Plaintiff is an adult resident citizen of the State of Mississippi, residing at 837 West Pecan Street, Grenada, MS 38901.

2. Defendant Express is a domestic corporation qualified to do business in the State of Mississippi, and it may be served with process upon its registered agent, Kirk R. Adam, located at 135 First Street, Grenada, MS 38901.

3. Defendant MSF is a foreign corporation qualified to do business in the State of Mississippi, and it may be served with process upon its registered agent, National Registered Agents, Inc., located at 840 Trustmark Bldg., 248 E Capitol Street, Jackson, MS 39201.

4.  Defendant CH Robinson is a foreign corporation qualified to do business in the State of Mississippi, and it may be served with process upon its registered agent, Corporation Service Company, located at 7716 Old Canton Road, Suite C, Madison, MS 39110. At all times relevant herein, Defendant C H Robinson Company, Inc. was broker or carrier for Defendants Western Express, Inc. and/or MS Freight Co. Inc.

5.  Defendant JDC is an unknown/unidentified entity qualified to do business in the State of Mississippi, and whose address for service of process is presently unknown.

6.  Defendant Doe is an adult resident citizen of the State of Mississippi, but whose identity and address are presently unknown. At all times relevant herein, Defendant Doe was employed as a driver for Defendants Express, JDC, and/or MSF, and acting within the scope of his employment.

JURISDICTION and VENUE

7.  This Court has jurisdiction over the subject matter herein pursuant to the provisions of Section 9-7-81 of the Mississippi Code of 1972, annotated, as amended in that all defendants are domiciled within Mississippi.

8.  This court has in personam jurisdiction over the Defendants in that all defendants are residents of or do business in Mississippi.

9.  Venue is proper in this Court pursuant to Section 11-11-13 of the Mississippi Code of 1972, annotated, as amended, in that the incidents which gave rise to these claims occurred in Leflore County, Mississippi.

UNDERLYING FACTS

10. This is a claim for injuries and damages filed by Plaintiff as a result of injuries sustained from an auto-collision.

11. As aforementioned, Defendant CH Robinson was the broker or carrier for Defendants Express, MSF, and/or JDC at all times relevant herein.

12. On or about November 27, 2015 at approximately 11:30 am, Plaintiff was at Capitol City Beverages in Greenwood, Mississippi performing his daily tasks of employment.

13. While Plaintiff worked, he witnessed Defendant Doe strike the Capitol City Beverages building. Plaintiff jumped up and twisted his body as he began to run away from the 18-wheeler to prevent getting hit.

14. As Plaintiff quickly moved out of the way, he turned the wrong direction causing excruciating pain and stiffness to radiate in his lower back and causing bilateral leg pain.

15. As a direct and proximate cause of the negligence and/or gross negligence of Defendants, the Plaintiff suffered severe and disabling physical and permanent injuries, pain, suffering, mental and emotional distress and other damages more fully described below.

### COUNT I – VICARIOUS LIABILITY OF EMPLOYER

16. At all times material hereto, Defendants Express, MSF, and/or JDC were vicariously responsible for the actions and omissions of its drivers, agents, servants and employees acting within the course and scope of their respective agencies and/or employment relationships at its affiliated trucking operations.

17. At the time and place of the subject accident, the Defendants Express, MSF, and/or JDC were engaged in the practice of interstate commerce and doing business by and through its agents and employees, including Defendant Doe, who was acting within his express and/or implied authority.

18. At all times material hereto, Defendants Express, MSF, and JDC had a duty to comply with applicable Mississippi Department of Transportation rules and regulations as well as

Federal Motor Carrier Safety Administration standards and all regulations promulgated thereunder.

<u>COUNT II – NEGLIGNECE OF ALL DEFENDANTS</u>

19. The Plaintiff re-alleges and adopts by reference all prior and subsequent paragraphs in this Complaint.

20. Defendant Doe, individually and/or jointly with the other Defendants, and as an agent or employee of Defendants Express, MSF, CH Robinson, and/or JDC, owed a duty to bystanders, Plaintiff JaNarlow Yates in particular, to exercise reasonable and ordinary care in the operation of the 18-wheeler tractor-trailer he was driving, to safely operate the same in accordance with the applicable laws of the State of Mississippi, and to avoid causing an accident or injuries.

21. In connection with the subject auto accident described herein, Defendant Doe was guilty – and Defendants Express, MSF, CH Robinson, and/or JDC were likewise guilty and jointly and severally liable for – the following negligent acts and omissions, to-wit:

   A. Failing to maintain a safe distance between the Capital City Beverages building, Plaintiff, and the 18-wheeler driven by Defendant Doe;

   B. Failing to keep a proper lookout at all times and to avoid any accidents such as the subject one which occurred and which forms the basis for the Complaint;

   C. Failing to maintain proper control of his vehicle at all pertinent times;

   D. Failing to operate his vehicle in a reasonable and safe manner;

   E. Failing to comply with other applicable statutory and common law "Rules of the Road" to be determined during the investigation and discovery phase of this suit; and

F. Committing certain *per se* violations and breach of duties imposed by applicable Mississippi statutory law, the Mississippi Department of Transportation, the Mississippi Department of Public Safety and the Federal Motor Carrier Safety Administration.

22. As a direct and proximate result of the above-described negligent acts and omissions of the Defendants, Plaintiff suffered certain personal injuries to his body and sustained both actual economic and noneconomic damages as set forth more fully below.

<u>COUNT III – NEGLIGENT HIRING, CREDENTIALING AND SUPERVISING OF DEFENDANT JOHN DOE BY DEFENDANTS WESTERN EXPRESS, INC., MS FREIGHT CO., INC., AND/OR JOHN DOE CORPORATION</u>

23. The Plaintiff re-alleges and adopts by reference all of the allegations contained in prior and subsequent paragraphs and further alleges:

24. That Defendants, Western Express, Inc., MS Freight Co., Inc., C H Robinson Company, Inc., and/or John Doe Corporation, individually and/or jointly by and through their agents and employees, in the exercise of ordinary skill, reasonable care and practice within the trucking industry, should have supervised, identified, monitored, implemented and applied measures and/or procedures to select, hire, train, monitor, report and properly credential truck drivers.

25. Defendants Western Express, Inc., MS Freight, Co., Inc., C H Robinson Company, Inc., and John Doe Corporation breached the applicable standards of care, and with reckless disregard for the safety of the Plaintiff, committed the following negligent acts and omissions, to-wit:

A. Failed to exercise that degree of care, skill, caution, diligence and foresight expected of trucking companies in similar situations;

B. Failed to enact and/or follow a policy and procedure to identify disqualifying conduct and reporting of such conduct to DOT;

C. Failed to properly credential, train, and monitor commercial truck drivers;

D. Failed to enact and/or follow a comprehensive risk management policy to train commercial drivers and evaluate drivers for driving characteristics indicative of hazardous driving patterns, behavior or tendencies;

E. Failed to select and retain only competent commercial truck drivers; and

F. Failed to alert and report to DOT commercial drivers' disqualifying conduct;

<u>COUNT IV – GROSS NEGLIGENCE OF ALL DEFENDANTS</u>

26. The Plaintiff re-alleges and adopts by reference all of the allegations contained in the preceding and subsequent paragraphs of this Complaint.

27. In addition to the above-described negligent acts and omissions of Defendant, John Doe in the operation of his commercial 18-wheeler at the time of the subject accident which proximately caused Plaintiff, JaNarlow Yates's alleged injuries and damages, Plaintiff further alleges Defendant Doe's reckless and malicious driving and other conduct at the time of the subject collisions, for which Defendants Western Express, Inc., MS Freight, Co., Inc., and/or John Doe Corporation are jointly and severally liable, were so egregious as to warrant the imposition of punitive damages, as evidenced by Defendant Doe's driving in such a reckless, malicious and/or grossly negligent manner as to evidence a wanton or reckless disregard for the safety of the Plaintiff, JaNarlow Yates in particular.

<u>DAMAGES</u>

28. Plaintiff, JaNarlow Yates sues and demands recovery of damages from Defendants, and each of them, jointly and severally liable, and as joint tortfeasors, in the form of the following relief:

A. Compensatory damages, past and future, for all property damage, medical and other related expenses incurred by Plaintiff for treatment of the injuries he suffered and continues to suffer as a result of the vicarious liability, negligence, negligence *per se* and gross negligence committed by Defendants on November 27, 2015;

B. All lost wages and/or income, and loss of wage-earning capacity and/or income, past and future;

C. Trauma to Plaintiff's lower back, leg, and body as a whole resulting from the injuries he sustained on November 27, 2015, as a proximate result of the subject auto-accident;

D. Negligent and/or grossly negligent infliction of severe emotional distress and mental harm, past, present, and of a permanent nature, resulting from the injuries, damages, and losses described herein;

E. Pain and suffering in the past, present, and in the future, proximately resulting from the traumatic physical injuries, and the additional medical treatment necessitated as a result;

F. Loss of enjoyment of life, loss of self-esteem, humiliation, embarrassment, and all other damages to be proven at trial.

G. Punitive damages for Defendants' reckless and wanton misconduct and gross negligence, as provided under Miss. Code Ann. §11-1-65, all proximately causing

or contributing to Plaintiff's injuries, damages and losses, including attorneys' fees and all costs of collection in this litigation incurred by Plaintiff through entry of a final judgment in this cause.

Plaintiff seeks further general or specific relief to which he may be entitled under Mississippi law.

Respectfully submitted, this the 26th day of April, 2019.


**JANARLOW YATES, Plaintiff**


**BY:** */s/ Carlos E. Moore*_____
**Carlos E. Moore, MSB# 100685**


OF COUNSEL:

**TUCKER|MOORE GROUP, LLP**
306 Branscome Drive
P. O. Box 1487
Grenada, MS 38902-1487
662-227-9940 – phone
662-227-9941 – fax
Email: carlos@tuckermoorelaw.com

CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have this date served via the electronic filing system and/or mailed via U. S. Mail, postage pre-paid, a true and correct copy of the above and foregoing to the following:

James R. Moore, Jr., Esq.
G. Weathers Virden, Jr., Esq.
Copeland, Cook, Taylor & Bush, P.A.
P. O. Box 6020
Ridgeland, MS 39158
jmoore@cctb.com
wvirden@cctb.som
*Attorneys for Def. Western Express*

Stuart Robinson, Jr., Esq.                     Leo J. Carmody, Jr., Esq.
Wells, Marble & Hurst, PLLC                    Wells, Marble & Hurst, PLLC
300 Concourse Blvd., Suite 200 (39157)         P. O. Box 2477
P. O. Box 131                                  Oxford, MS 38655
Jackson, MS 39205-0131                         lcarmody@wellsmarble.com
srobinson@wellsmarble.com
                  *Attorneys for Def. MS Freight*

THIS, the 26th day of April, 2019.

                    __/s/ Carlos E. Moore_____
                    CARLOS E. MOORE, ESQ.